IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL CORRAL MELERO,

    Plaintiff,

vs.                                                                                                                 No. 1:24-cv-00932-KG-JMR

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

    This matter is before the Court *sua sponte*. On April 2, 2025, counsel for Plaintiff Daniel Corral Melero filed an Unopposed Motion to Vacate Remaining Deadlines, Extend all Deadlines for a Period of 120 Days and for Status Conference, (Doc. 30). In the Motion, counsel indicated that Mr. Melero passed away on March 28, 2025. The Motion, however, is procedurally deficient because "once a plaintiff dies, he is no longer a party to the case, and any motions filed on his behalf are tantamount to no motion at all." *Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. 2000).

    Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Because Plaintiff has died and his claim is not extinguished, the Court will stay the case for 90 days in order to allow for the substitution of a proper party in accordance with Rule 25. If a proper party has not been substituted within 90 days of this order, the Court will hold a status conference to determine whether the case should be dismissed.

IT IS, THEREFORE, ORDERED that the case is STAYED 90 days from the date of this Order.

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.